**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:01-CR-476 CAS |
| ) | |
| LONNIE DWAYNE PAYNE, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on its own motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36, Fed. R. Crim. P.

A clerical error in the record of this matter has come to the Court's attention in a related case, Payne v. United States, 4:06-CV-673 CAS. In Payne, the government asserts that Assistant United States Attorney Antoinette Decker filed a 21 U.S.C. § 851 Criminal Information with the Clerk of the Court in this matter on November 29, 2002, which was signed and sworn to by Ms. Decker in the presence of now-retired Deputy Clerk Nancy Beem, and that Ms. Decker mailed and faxed a "received"-stamped copy of the Criminal Information to Payne's trial counsel, Mr. Burton Shostak. The government's assertion is supported by a received-stamped copy of the Criminal Information submitted to the Court in Case No. 4:06-CV-673 CAS, and by Mr. Shostak's Affidavit which states that a copy of the received-stamped Criminal Information was faxed to his office on November 29, 2002.

The received-stamped copy of the Criminal Information submitted by the government is sufficient to establish to the Court's satisfaction that the original Criminal Information was delivered to the Clerk's Office for filing on November 29, 2002. This conclusion is supported by Mr. Shostak's Affidavit. It is also supported by the Presentence Investigation Report in this case, prepared by the United States Probation Office on January 6, 2003, which states in pertinent part that the minimum and maximum terms for count one, twenty years to life with no probation, were determined "pursuant to 21 USC 841(b)(1)(A) and **21 USC 851(a)(1)**." Doc. 90, Presentence Investigation Report at 10 (emphasis added). Further, the transcript of the resentencing proceedings held on April 21, 2005 reflects that the Court and the parties all understood that a twenty-year minimum sentence was required. See Doc. 542, Resentencing Tr. at 4. Such a sentence would have been required in this case only because of a § 851 information. The Court concludes that a mechanical error occurred in the Clerk's Office which caused the original Criminal Information to become lost or misplaced, as the document was received by the Clerk but never filed and made a part of the official court record.

The Court will therefore direct the government to provide the received-stamped Criminal Information to the Clerk of the Court in paper format, and direct the Clerk to file the same as of November 29, 2002, pursuant to Rule 36, Fed. R. Crim. P. By ordering the Clerk to file the Criminal Information, the Court makes no substantive change, but rather corrects a clerical error in the formal record which arose from an oversight or omission. See 3 Charles Alan Wright, et al., Federal Practice and Procedure: Criminal § 611, at 809-12 (3d ed. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that the government shall forthwith provide the received-stamped copy of the Criminal Information in this matter dated November 29, 2002, to the Clerk of the Court in paper format.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file, as of November 29, 2002, the government's Criminal Information under § 851 in this matter.

                                                          */s/ Charles A. Shaw*
                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of May, 2008.